IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| BRUCE EDWARD HUNDLEY | ) | |
| AND EMMA RUTH KING HUNDLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| PMAB, LLC, | ) | **COMPLAINT** |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |
| | ) | |

NOW COME the Plaintiffs, BRUCE HUNDLEY and EMMA HUNDLEY, by and through their attorneys, and for their Complaint against the Defendant, PMAB, LLC, Plaintiffs allege and state as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. §1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to any pendent state claims.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4.    Bruce Edward Hundley ("Mr. Hundley") and Emma Ruth King Hundley ("Mrs. Hundley") (collectively, "Plaintiffs") are individuals who were at all times residing in Mecklenburg County, North Carolina.

5.    Defendant PMAB, LLC ("Defendant"), is a limited liability corporation duly organized and existing under the laws of the State of North Carolina and may be served with process directed to its registered agent National Corporate Research, Ltd. at 212 South Tryon Street, Suite 1000 Charlotte, NC 28281-0001, as evidenced by records from the North Carolina Secretary of State's website attached hereto as Exhibit A.

6.    Plaintiffs are "consumer[s]" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

7.    At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

8.    The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

9.    Plaintiffs are also "consumers" as defined in N.C. Gen. Stat. § 58-70-90(2), as they are individuals that have incurred a debt or alleged debt.

10.    Defendant also acted as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1) in that it engages, directly or indirectly, in debt collection from a consumer.

2

11.     The aforementioned alleged debt is also a "debt" within the meaning of N.C. Gen. Stat. § 58-70-90(3), in that it is an alleged obligation owed or due or alleged to be owed or due from a consumer.

## FACTS COMMON TO ALL COUNTS

12.     On August 13, 2015, Plaintiffs filed a joint Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court, Western District of North Carolina, case number 15-31264-jcw.

13.     Plaintiffs scheduled an obligation of the aforementioned alleged debt in Schedule F of their bankruptcy petition. *See* Exhibit B.

14.     On or about August 14, 2015, at 3:08 p.m., Defendant placed a telephone call to Plaintiffs and left a voicemail message on Plaintiffs' answering machine in an attempt to collect the alleged debt.

15.     Shortly thereafter, Plaintiffs returned the call to Defendant; spoke with an employee, agent and/or representative of Defendant; and provided their bankruptcy case number and bankruptcy attorney's name.

16.     On or about August 15, 2015, Defendant placed another call to Plaintiffs in further attempt to collect the alleged debt.

17.     On August 19, 2015, the Bankruptcy Noticing Center sent notice of Plaintiffs' bankruptcy case by way of U.S. First Class Mail to Defendant. *See* Exhibit C.

18.     Thereafter, Plaintiffs continued to receive additional calls from Defendant in further attempt to collect the alleged debt.

19.     Specifically, Defendant placed telephone calls to Plaintiffs on or about October 3, 2015; October 6, 2015; October 7, 2015; and October 12, 2015.

3

20. On or about October 5, 2015, Defendant caused a collection letter to be sent to Mrs. Hundley in further attempt to collect the alleged debt.

21. As a direct and proximate cause of the attempts to collect an alleged debt by defendants herein, Plaintiffs have suffered severe stress, aggravation, and emotional distress.

22. Mr. Hundley suffers from high blood pressure and atrial tribulation. Mr. Hundley is prescribed Amlodipine, Diovan, and Megropolol to manage his medical conditions. Mr. Hundley's conditions were exacerbated by the increased and constant stress caused by Defendant's conduct.

23. Mrs. Hundley also suffers from high blood pressure and is prescribed Loscartan to manage her condition. Defendant's conduct caused aggravation and resulted in her having to leave the room each time Defendant called.

24. Moreover, Mr. and Mrs. Hundley suffered humiliation as a result of Defendant's conduct, as many of the phone calls alleged in this complaint occurred during a family reunion, causing Plaintiff's to have to leave temporarily in order to speak with Defendant on the phone.

## COUNT I

25. Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 8 and 12 through 22 as if reinstated herein.

26. Defendant violated 15 U.S.C. § 1692b(6) by communicating with Plaintiffs after Defendant had been advised that Plaintiffs were represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

a.      Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

27.      Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 8 and 12 through 22 as if reinstated herein.

28.      Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiffs after Defendant had been advised that Plaintiffs were represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

a.      Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

29.    Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 8 and 12 through 22 as if reinstated herein.

30.    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiffs in connection with the collection of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

      a.      Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

31.    Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 8 and 12 through 22 as if reinstated herein.

32.     Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

33.     Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 8 and 12 through 22 as if reinstated herein.

34.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

    a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

35.      Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 8 and 12 through 22 as if reinstated herein.

36.      Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

a.      Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

37. Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 8 and 12 through 22 as if reinstated herein.

38. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not permitted by law.

WHEREFORE, Plaintiffs pray for the following relief:

    a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

39. Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 5 and 9 through 22 as if reinstated herein.

40. Defendant violated N.C. Gen. Stat. § 58-70-100 by engaging in conduct, the natural consequence of which was to oppress, harass, or abuse Plaintiffs in connection with the attempt to collect the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

9

a.      Judgment against Defendant for Plaintiff's actual damages sustained as a direct and proximate result of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(a);

b.      Judgment against Defendant for $4,000 in statutory damages for each of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(b);

c.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IX

41.    Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 5 and 9 through 22 as if reinstated herein.

42.    Defendant violated N.C. Gen. Stat. § 58-70-100(3) by causing Plaintiffs' telephone to ring with such frequency as to be unreasonable or to constitute a harassment to Plaintiffs under the circumstances.

WHEREFORE, Plaintiffs pray for the following relief:

a.      Judgment against Defendant for Plaintiffs' actual damages sustained as a direct and proximate result of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(a);

b.      Judgment against Defendant for $4,000 in statutory damages for each of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(b);

c.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT X

43.     Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 5 and 9 through 22 as if reinstated herein.

44.     Defendant violated N.C. Gen. Stat. § 58-70-110 by attempting to collect a debt by fraudulent, deceptive, or misleading representation.

WHEREFORE, Plaintiffs pray for the following relief:

      a.     Judgment against Defendant for Plaintiffs' actual damages sustained as a direct and proximate result of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(a);

      b.     Judgment against Defendant for $4,000 in statutory damages for each of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(b);

      c.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT XI

45.     Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 5 and 9 through 22 as if reinstated herein.

46.     Defendant violated N.C. Gen. Stat. § 58-70-115(3) by attempting to collect any date by use of any unfair practices.

WHEREFORE, Plaintiffs pray for the following relief:

      a.     Judgment against Defendant for Plaintiffs' actual damages sustained as a direct and proximate result of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(a);

        b.      Judgment against Defendant for $4,000 in statutory damages for each of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(b);

        c.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT X

47.    Plaintiffs incorporate the allegations and statements made above in paragraphs 1 through 5 and 9 through 22 as if reinstated herein.

48.    Defendant violated N.C. Gen. Stat. § 58-70-115(3) communicating with Plaintiffs when Defendant has been notified by Plaintiffs' attorney that he represents said Plaintiffs.

WHEREFORE, Plaintiffs pray for the following relief:

        b.      Judgment against Defendant for Plaintiffs' actual damages sustained as a direct and proximate result of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(a);

        b.      Judgment against Defendant for $4,000 in statutory damages for each of Defendant's violations of the NCDCA, pursuant to N.C. Gen. Stat. § 58-70-130(b);

        c.      Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their FDCPA and NCDCA claims in this action.

RESPECTFULLY SUBMITTED,

BRUCE AND EMMA HUNDLEY

12

By:   */s/ Jeffrey Philogene*
              Jeffrey Philogene
              Attorney for Plaintiffs
              State Bar ID: 48291
              Upright Law
              79 W. Monroe St., Fifth Floor
              Chicago, IL 60603
              Phone: 312-940-8161
              Email: jphilogene@uprightlaw.com

13